# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIAM MAYFIELD**                                                                               **PETITIONER**

**VS.**                         **NO. 4:24-CV-00206-BRW-ERE**

**DEXTER PAYNE, Arkansas Division**
**of Correction**                                                     **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this RD. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this RD without independently reviewing the record.

## I.   Summary

William Mayfield, currently in the custody of the Arkansas Division of Correction, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] However, Mr. Mayfield has neither exhausted his administrative remedies

---

[1] Mr. Mayfield filed his petition under 28 U.S.C. § 2254, but because he challenges his pretrial detention on pending charges, his petition will be considered under 28 U.S.C. § 2241. See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) ("Pretrial [habeas] petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (cleaned up).

1

nor identified extraordinary circumstances allowing federal court interference in the ongoing state criminal proceedings.[2]

## II.   Background[3]

The Court takes judicial notice that Mr. Mayfield is currently detained and awaiting trial on criminal charges in *State v. Mayfield*, No. 27CR-22-98 (Grant Cnty. Cir. Ct.). Mr. Mayfield is charged with being a felon in possession of a firearm, simultaneous possession of drugs and firearms, possession of drug paraphernalia, and drug possession.

On March 4, 2024, Mr. Mayfield filed the pending § 2241 habeas petition, arguing that the arresting officer violated Arkansas law; discovery has been "fraudulent + invalid"; he was sent for an evaluation and denied the requested speedy trial; and he was threatened with a life sentence if he refused to plea. *Doc. 1*. He asks for the pending charges against him to be dropped and requests money damages for "them sending [him] to prison."[4] *Id.* at 13.

---

[2] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

[3] The background is from the petition and state court records, available at the Arkansas Administrative Office of the Courts Public Court Connect Website, accessible at https://www.arcourts.gov.  See *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (holding that a court "may take judicial notice of judicial opinions and public records.")  (citations omitted).

[4] Money damages are not available in a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

### III. Discussion

Federal courts generally must abstain from the exercise of § 2241 jurisdiction if, as in this case, the issues raised in a habeas petition may be resolved either by trial on the merits in the state court or by other available state-court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1982) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). Mr. Mayfield's allegations fail to plausibly allege any "extraordinary circumstances" that might trigger an exception to the general rule that federal courts should abstain from interfering in state criminal proceedings.

An additional reason for dismissal is that Mr. Mayfield has not exhausted his claims. Absent special circumstances and the petitioner's exhaustion of all available state remedies, a federal habeas court cannot interfere with state criminal proceedings before a conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). To fully exhaust state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. See *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies to habeas petitions challenging state

court convictions as well as *pending* state criminal prosecutions. *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981).

Based on the court records, Mr. Mayfield has not been foreclosed from raising the issues in his habeas petition in his pending state court criminal case. In fact, he has pending motions in state court arguing for dismissal of the charges.

## IV. Conclusion

Because it plainly appears that Mr. Mayfield is not entitled to federal habeas relief, summary dismissal is warranted.

IT IS THEREFORE RECOMMENDED that Mr. Mayfield's habeas petition (*Doc. 1*) be DENIED, and this case be DISMISSED, without prejudice.

DATED 19 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE